FILED
JAMES J. VILT, JR. - CLERK

AUG 11 2021

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**United States of America**

v.                                                                              3:20-cr-10

**Garland Travis**                                                      **Defendant**

## Jury Instructions

\*\*\*

### DUTIES OF THE JURY

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every federal criminal case. Then I will explain the legal elements, or questions, that you must determine to decide whether to convict the Defendant for the offense he is accused of committing.

You have two main duties as a juror: The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way. Your second duty is to take the law that I give you, apply it to those facts, and decide whether the government has proved the Defendant guilty beyond a reasonable doubt.

My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what the lawyers said is different from what the judge said, you must follow the law as explained by the judge.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties and I expect that you will carefully and impartially consider all of the evidence, follow the law as instructed, treat all parties as equal before the law, and reach a just verdict—regardless of the consequences.

### Evidence

In making your decision, you must consider only the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision. The evidence in this case consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits admitted in the case (regardless of

who produced them), and all facts and events that may have been admitted or agreed to. Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it the weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. Your job is to decide how much weight to give the direct and circumstantial evidence.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Witnesses

Another part of your job as jurors is to decide how credible, or believable, each witness was. Again, this is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves.

The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side. Do not make any decisions based solely on the number of witnesses. Focus instead on what the witnesses said, how believable the witnesses were, and how much weight you think their testimony deserves.

## Opinion Testimony

You heard the testimony of Special Agent Joe Hicks of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Mr. Hicks testified as an opinion witness. You do not have to accept his opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The Defendant has pled not guilty to the crime charged in the indictment. An indictment is not evidence; it is just the formal way that the government tells a defendant what crime he is accused of committing.

The law presumes that all defendants are innocent. This Defendant, like all defendants, starts a trial with a clean slate, and without any evidence at all against him. It is not up to him to prove that he is innocent; it is up to the government to present evidence that overcomes this presumption.

The United States has the burden of proving its case against the Defendant by what the law refers to as "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from evidence or a lack of evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, but doubts based purely on speculation are not reasonable. Proof beyond a reasonable doubt means proof that is so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendant guilty, you must decide that the government has proved each element of the crime beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the government has proved each element of the crime beyond a reasonable doubt, then return a not guilty verdict.

## Statement by Defendant

You have heard evidence that the Defendant made statements in which the government claims he admitted certain facts. It is for you to decide whether the Defendant made the statements, and if so, how much weight the statements deserve. In making these decisions, you should consider all of the evidence about the statements, including the circumstances under which the Defendant allegedly made them. You may not convict the Defendant solely upon his own uncorroborated statement or admission.

## Decision Whether to Testify

A defendant has an absolute right not to testify. You may not consider—in any way—the fact that he did not testify. Do not discuss this in deliberations. Remember that it is up to the government to prove the Defendant guilty beyond a reasonable doubt.

## Objections

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

## RULES OF LAW

The Defendant is on trial only for the particular crime charged in the indictment: Possession of a firearm by a person who is subject to a protective order. Your job is limited to deciding whether the government has proved the crime charged.

### Possession of a Firearm by a Person Who Is Subject to a Protective Order

The government and the Defendant have agreed (or "stipulated") to certain facts. Therefore, you must accept the following stipulated facts as proved:

(1) On October 29, 2019, the Defendant was subject to a qualifying order of protection.

(2) On October 29, 2019, the Defendant knew that he was subject to a qualifying order of protection.

For you to find the Defendant guilty of the crime he is charged with, you must find that the government has proved each of the following elements beyond a reasonable doubt:

(3) Whether, on October 29, 2019, the Defendant knowingly possessed a firearm, specifically the Taurus 9 millimeter pistol specified in the indictment.

(4) Whether that specific firearm crossed a state line before the Defendant allegedly possessed it. (The government may satisfy this element by establishing that the firearm was manufactured in a state other than Kentucky.)

Now I will give you more detailed instructions on some of these elements.

First, to establish possession, the government must prove that a defendant had direct, physical control over the firearm and knew he had control of it. Merely being present where something is located does not equal possession, although the defendant doesn't have to own the firearm in order to possess it.

Second, the term "firearm" means any weapon that will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

Third, the term "knowingly" means voluntarily and intentionally, and not because of a mistake or accident. Ordinarily, there is no way to directly prove a defendant's state of mind, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind. You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.

All of this is for you to decide. If the jury is convinced that the government has proved each element, you must return a guilty verdict on this charge. If the jury harbors reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

## JURY DELIBERATIONS

Upon returning to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions with you to the jury room. When you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial, but you should not rely on the notes as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and unaided memory are equally significant. One juror should not be influenced by another juror's notes.

Once you start deliberating, do not talk about the case to the jury officer, or to me, or to anyone else except each other. If you have any questions or messages, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you possibly can, without going against your individual judgment. This will also remain secret during your deliberations. No one can hear what you are saying, and you should all feel free to speak your minds. You must each decide this case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and to change your mind if you become convinced your original opinion is wrong. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

Your verdict and your answers to the Court's question must be unanimous. All members of the jury must agree on every answer to the questions and on the verdict.

If you decide that the defendant is guilty, then it will be my job to decide what the appropriate punishment should be. You must not consider punishment in reaching your verdict— only whether the government has met its burden.

The verdict form below has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, fill it out according to the jury's decision. The foreperson must sign and date it. Then tell the officer that you have reached a decision, and he will bring you back to the courtroom with your verdict form. All of you must unanimously agree on the verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**United States of America**

v.                                                                                              3:20-cr-10

**Garland Travis**                                                                    Defendant

### Verdict Form

Do you find beyond a reasonable doubt, based on the evidence in this case, that on October 29, 2019, the Defendant knowingly possessed the Taurus 9-millimeter firearm specified in the indictment and that this firearm had crossed a state line? If so, please indicate this by marking "guilty" below. If not, please indicate this by marking "not guilty" below.

GUILTY _____   NOT GUILTY _____

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE _____