## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**United States of America**

v.                                                                                              No. 3:20-cr-10-BJB

**Travis Garland**

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

A jury convicted Garland Travis of knowingly possessing a firearm while subject to a protective order in violation of 18 U.S.C. § 922(g)(8). Despite the verdict, Travis filed a motion for judgment of acquittal under Rule 29, arguing the evidence before the jury was insufficient to allow a reasonable jury to convict him. Based on the Court's own review of the relevant evidence, and given the law's requirement to view that evidence in the light most favorable to the government, however, the Court denies Travis's motion.

### I.     Motion for a Judgment of Acquittal

After the close of evidence, and even after a jury returns a verdict of conviction, a court may enter an order of acquittal if "the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a), (c). But the law makes clear that a "defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000). The Supreme Court has instructed that "a jury verdict must be upheld if, 'viewing the evidence in the light most favorable to the government, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Importantly, the reviewing court does not "weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury." *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994). Instead, the "Supreme Court has observed that the granting of a motion of acquittal" should be "confined to cases where the prosecution's failure is clear" and the evidence is insufficient to sustain a finding of guilt. *United States v. Connery*, 867 F.2d 929, 930 (6th Cir. 1989) (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)).

### II.    The Offense

As the Court explained in its jury instructions, to find Travis guilty of possessing a firearm despite being subject to a protective order, § 922(g)(8), the Government had to prove four elements beyond a reasonable doubt. First, on October 29, 2019, Travis was subject to a qualifying order of protection. Second, Travis knew

he was subject to a qualifying order. Third, Travis knowingly possessed a firearm. And fourth, the firearm had crossed a state line. Jury Instructions (DN 53) at 4. At trial, Travis stipulated to elements one and two, and did not contest element four, which he admits the Government proved beyond a reasonable doubt. *See* Motion for Acquittal (DN 57) at 3–4. Travis claims, however, that the Government failed to prove, beyond a reasonable doubt, that he knowingly possessed a firearm. *See id.* at 4.

### III. The Evidence Before the Jury

Only two witnesses testified regarding the possession element. And the parties' post-trial briefs, cited below, agree almost entirely in their description of the relevant evidence before the jury. Their disagreement focuses on the inferences the jury reasonably could draw based on this record, which at this stage must be viewed in the light most favorable to the Government.

Mount Washington Police Officer Joe O'Toole told the jury that on October 29, 2019, he noticed an expired registration sticker on the car Travis was driving and pulled him over. Travis owned the car and was its only occupant at the time. *See* Motion for Acquittal at 4; Response (DN 61) at 1.

During the traffic stop, Travis told O'Toole that Travis did not have his license with him. So O'Toole returned to his cruiser and ran a computer search for Travis. The search revealed that Travis's driver's license was suspended and that he was subject to a domestic violence order issued by Nelson County District Court. While still at his cruiser, O'Toole saw Travis moving about in his vehicle and reaching for the glovebox. O'Toole returned to Travis's car and asked if any weapons were in the car. Then Travis admitted that a gun was in the glovebox. O'Toole searched the car and found a Taurus Model 709 9-millimeter pistol. Travis admitted to O'Toole that he knew he could not possess a firearm. *See* Motion for Acquittal at 4–5; Response at 1–2.

Travis's mother, Mary Hall, testified in her son's defense. She explained that she originally purchased the gun discovered in the car and (at trial) produced a copy of the application with her name on it. And she testified that she accidently left the gun in her son's car the previous day when she borrowed the car to drive to a doctor's appointment, since her car was not working properly. According to Hall, Travis called her during the traffic stop to ask her where the car's registration and insurance paperwork were located. During this call, Travis apparently realized the gun was in the car and exclaimed "Mom, you left your gun in the glove box!" Motion for Acquittal at 6–8; Response at 2.

In closing, the Government contended that the gun's presence in Travis's car, coupled with his admission that he had a gun in the car, sufficed to prove Travis's knowing possession despite his mother's testimony. In the defense's view, however, Hall's testimony explained the gun's presence and cast doubt on the Government's

claim that Travis knowingly possessed the weapon. The Court then instructed the jury regarding their consideration of the dueling narratives:

> Another part of your job as jurors is to decide how credible, or believable, each witness was. Again, this is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves.
>
> The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side. Do not make any decisions based solely on the number of witnesses. Focus instead on what the witnesses said, how believable the witnesses were, and how much weight you think their testimony deserves.

Jury Instructions at 2.

At the end of the Government's case in chief, and again at the close of evidence, Travis filed motions for judgment of acquittal. The Court denied both requests. The jury deliberated and returned a guilty verdict on the sole count of the indictment.

### IV. Sufficient Evidence Supported the Jury's Decision

In this post-verdict motion for acquittal, Travis emphasizes the substance of the dueling testimony and urges the Court to focus on "key facts proven by the defense at trial, and not disproven by the prosecution." Motion for Acquittal at 10. He argues that the Government did not offer sufficient evidence to contradict or otherwise undermine Hall's testimony that she left the gun in Travis's car: her "testimony was largely uncontradicted" and the Government introduced no evidence "that disproved Hall's testimony." *See id.* at 11. On the other hand, O'Toole didn't record Mr. Travis's statements until five weeks had passed after the incident. *See id.* Thus the evidence, according to Travis, "did not prove [his knowing possession] beyond a reasonable doubt." *Id.* at 9.

Travis and his lawyer did indeed present substantial evidence and argument to the jury in this case. It presented a witness whom jurors certainly could've found credible. But so did the Government. And the jury unanimously found in favor of the Government's account of the facts in this case. Given the jury's factfinding role, a reviewing judge is not empowered by Rule 29 to "judge the credibility of witnesses or weigh evidence." *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005). That task is squarely within the province of the jury.

Certainly the Government offered a coherent theory, supported by substantial evidence, that the jury reasonably could've embraced: Travis must've known the gun was in his car when he reached for the glovebox and then admitted to Officer O'Toole that the car contained a weapon he knew he wasn't allowed to have. Response at 2. No caselaw indicates that such evidence is insufficient to find that a defendant knowingly possessed a gun. To the contrary, courts have affirmed knowing-possession verdicts against defendants found alone in a car with a gun. *See, e.g., United States v. Murphy*, 107 F.3d 1199, 1208 (6th Cir. 1997); *United States v. Chisom*, 249 F. App'x 406, 409 (6th Cir. 2007). As the Sixth Circuit has held, "[p]roof that the person has dominion over the premises where the firearm is located is sufficient to establish constructive possession." *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998) (quotation omitted)).

The jury's decision to assign greater weight or credibility to O'Toole's testimony than to Travis's mother's does not undermine the evidentiary basis for the jury's conviction. Indeed, a reasonable jury could've found the two accounts reconcilable: Hall's testimony that she left the gun in the car the day before is not necessarily incompatible with Travis knowingly exercising control of that gun as he drove the next day. *See Murphy*, 107 F.3d at 1208. Of course, neither the Court nor the parties knows precisely how this jury weighed this testimony. And that is one reason why Rule 29's hurdle for setting aside a verdict is so high. After all, when a defendant "offer[s] an innocent explanation for the incriminating facts proved by the government, the jury [i]s free to disbelieve [it]." *United States v. Ledezma*, 26 F.3d 636, 641 (6th Cir. 1994); *see also United States v. Bailey*, 444 U.S. 394, 414–15 (1980) ("It is for [the jury] and not for appellate courts, to say that a particular witness spoke the truth…").

### ORDER

Considering the record in the light most favorable to the Government, as Rule 29 requires a trial judge to do, the evidence is sufficient to sustain the jury's finding of guilt beyond a reasonable doubt. The Court therefore lacks a lawful basis for setting aside the jury verdict, and denies Travis's motion for a judgment of acquittal (DN 57).

Benjamin Beaton, District Judge
United States District Court

November 19, 2021